UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>PSG MORTGAGE LENDING CORP.,<br><br>　　　　　Debtor.<br><br>---<br><br>LUKE BRUGNARA,<br><br>　　　　　Appellant,<br>　　v.<br><br>PSG MORTGAGE LENDING CORP.;<br>PAUL GREENFIELD; DAKOTA NOTE<br>LLC; and DAKOTA LP,<br><br>　　　　　Appellees. | District Court Case No. 22-cv-04330-BLF<br><br>　BAP No. NC-22-1065<br>　Bk. No. 21-30592<br>　Adv. No. 21-03065<br><br>**ORDER DENYING APPELLANT LUKE BRUGNARA'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**<br><br>[Re: ECF 1] |

On July 27, 2022, the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") transferred the above-captioned case to this Court for the limited purpose of ruling on Appellant Luke Brugnara's motion to proceed *in forma pauperis* ("IFP Motion") on his appeal of the bankruptcy court's orders issued in an adversary proceeding, Case No. 21-ap-03065 ("the Adversary Proceeding"). *See* BAP Order Transferring Appeal, ECF 1. Specifically, Appellant seeks review of the bankruptcy court's Memorandum Decision on Motion to Remand and Motion for Summary Judgment ("Memorandum Decision"), *see* Doc# 47 in Case No. 21-ap-03065; Order Denying Motion to Remand, *see* Doc#48 in Case No. 21-ap-03065; and Order Granting Motion for Summary Judgment, *see* Doc# 49 in Case No. 21-ap-03065.

　　　　For the reasons discussed below, Appellant's IFP Motion is DENIED.

1  Both the Adversary Proceeding and the underlying bankruptcy case involve real property
2  located at 224 Sea Cliff Avenue in San Francisco, California (the "Sea Cliff Property"). At one
3  time the Sea Cliff Property was held by Brugnara Properties VI, a company operated by Appellant
4  and his wife. The bankruptcy court's Memorandum Decision describes the events that led to the
5  August 2020 foreclosure on the Sea Cliff Property and its transfer to the debtor in the underlying
6  bankruptcy case, PSG Mortgage Lending Corp. *See* Memorandum Decision at 1-4. In September
7  2020, Appellant filed a lawsuit in the San Francisco Superior Court against several entities that
8  asserted a security interest in the Sea Cliff Property; that lawsuit was removed to the bankruptcy
9  court and became the Adversary Proceeding that gave rise to the orders Appellant challenges on
10 appeal. *See* Doc#1 in Case No. 21-ap-03065.

11 Following removal of the Adversary Proceeding to the bankruptcy court, one of the
12 defendants filed a motion for summary judgment based on *res judicata*, arguing that all of the
13 claims raised in the Adversary Proceeding had been adjudicated in multiple prior proceedings
14 involving the Sea Cliff Property. Appellant opposed the summary judgment motion and sought
15 remand of the Adversary Proceeding to the San Francisco Superior Court.

16 On March 22, 2022, the bankruptcy court issued its Memorandum Decision, concluding
17 that the applicable statutory factors weighed against discretionary abstention, and thus remand, of
18 the Adversary Proceeding. *See* Memorandum Decision at 6-8. The bankruptcy court also granted
19 summary judgment for the defendants on the basis of *res judicata*, and dismissed the complaint as
20 to any unserved defendants. *See id.* at 8-11. On the same date, the bankruptcy court issued its
21 Order Denying Motion to Remand and Order Granting Motion for Summary Judgment. Appellant
22 appeals those orders. *See* Doc# 51 in Case No. 21-ap-03065.

23 Appellant filed the current IFP Motion in the bankruptcy court, seeking to proceed *in*
24 *forma pauperis* on appeal. *See* Doc#87 in Case No. 21-ap-03065. The bankruptcy court filed a
25 Certification Regarding Appeal pursuant to 28 U.S.C. § 1915(a)(3), certifying that "the subject
26 appeal is not taken in good faith." *See* Doc#91-1 in Case No. 21-ap-03065. The bankruptcy court
27 stated that Appellant had filed numerous baseless documents and unauthorized motions, and
28 generally had sought to thwart the administration of the underlying bankruptcy estate. *See id.* In

2

the bankruptcy court's view, Appellant's conduct was part of a pattern that has been repeated across multiple bankruptcy cases. *See id.* The bankruptcy court thereafter forwarded the IFP Motion to the BAP. The BAP in turn transferred the IFP Motion to this Court, stating that the BAP has no authority to grant or deny *in forma pauperis* motions, because it is not a "court of the United States" within the meaning of 28 U.S.C. § 1915(a). *See* BAP Order Transferring Appeal, ECF 1.

Under 28 U.S.C. § 1915(a), "any court of the United States" may authorize an indigent party who cannot afford the expense of pursuing an appeal to proceed on appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(1). If the appeal is taken in good faith, meaning "[i]f at least one issue or claim is found to be non-frivolous," then *in forma pauperis* status must be granted. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). If the appeal presents only frivolous claims, however, *in forma pauperis* status may be denied on the basis that the appeal is brought in bad faith. *See id.*; *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). An issue is "frivolous" if it has "no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

It is unclear from Appellant's IFP Motion whether he satisfies the indigency requirement. However, this Court finds that Appellant is not entitled to proceed *in forma pauperis* on appeal regardless of his ability to pay, because his appeal is frivolous. Having reviewed the record surrounding the Adversary Proceeding and the underlying bankruptcy case, this Court finds no factual or legal basis for Appellant's challenges to the bankruptcy court's denial of his motion to remand the Adversary Proceeding, or its grant of summary judgment for the defendants in the Adversary Proceeding. Accordingly, Appellant's IFP motion is DENIED.

The Clerk of Court SHALL transmit this order to the BAP and SHALL close this case.

**IT IS SO ORDERED.**

Dated: August 1, 2022

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

3